NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-785

COMMONWEALTH

vs.

YOONSANG BAE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in 2019, the defendant, Yoonsang Bae, was found guilty in the Superior Court of one count of rape. A panel of this court affirmed his conviction and the denial of his first motion for a new trial, see Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), in an unpublished decision under our rule 23.0. See Commonwealth v. Bae, 101 Mass. App. Ct. 1124 (2022). In 2024, the defendant, who is a South Korean citizen, filed a second motion for a new trial, see Mass. R. Crim. P. 30 (b), arguing that his trial counsel provided incorrect advice about the immigration consequences of a proposed plea agreement and, in doing so, provided him with ineffective assistance. The judge denied this

motion, concluding that trial counsel's advice was accurate. Because we discern no abuse of discretion or other error in the judge's ruling, we affirm.

Background. Before trial, the Commonwealth offered a plea bargain under which the rape charge could be resolved by the defendant's admission to sufficient facts for a finding of guilty as to a reduced charge of indecent assault and battery, see G. L. c. 265, § 13H, and his agreement to a continuance without a finding for a period of time ("probably one year"). Trial counsel recommended that the defendant accept this offer, which would not have exposed him to the risk of incarceration or the requirement that he register as a sex offender. Counsel cautioned, however, that the disposition "could render [the defendant] immediately removable from the United States," and could prevent him from being readmitted to this country if he left it. The defendant rejected the offer because he was unwilling to accept those potential immigration consequences.

As we have noted, the defendant went to trial, was convicted of rape, and was sentenced to a term of incarceration of from three years to three years and one day. After completing his sentence, the defendant became subject to removal proceedings. He made a "voluntary departure" to South Korea in 2022.

2

Discussion. We review a judge's decision on a motion for a new trial for error of law or abuse of discretion. See Commonwealth v. Tavares, 491 Mass. 362, 365 (2023). To prevail on his claim of ineffective assistance of counsel, the defendant must show: (1) that counsel's conduct fell "measurably below that which might be expected from an ordinary fallible lawyer," and (2) that this conduct "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

The defendant's second motion for a new trial was premised on his contention that his counsel incorrectly advised him that indecent assault and battery, G. L. c. 265, § 13H, is a "crime involving moral turpitude" (CIMT) for the purposes of Federal immigration law, and that his admission to sufficient facts for a finding of guilt as to that offense would subject him to adverse immigration consequences. See 8 U.S.C. § 1227(a)(2)(A)(i); 8 U.S.C. § 1182(a)(2)(A)(i); Commonwealth v. Marinho, 464 Mass. 115, 124-125 (2013). The judge concluded that counsel's advice was correct, however, and that his conduct therefore did not fall below accepted standards of practice. See Saferian, 366 Mass. at 96. We discern no error or abuse of discretion in that ruling.

As the judge noted in a thoughtful memorandum of decision, it is well settled in Massachusetts and the United States Court of Appeals for the First Circuit (First Circuit) that indecent assault and battery, G. L. c. 265, § 13H, is a CIMT. See, e.g., Maghsoudi v. Immigration & Naturalization Serv., 181 F.3d 8, 14-15 (1999); Commonwealth v. Taron T., 104 Mass. App. Ct. 219, 224 n.6 (2024), citing Maghsoudi, supra, and quoting Matter of Silva-Trevino, 24 I. & N. Dec. 687, 689 n.1 (A.G. 2008) (indecent assault and battery "involve[s] both reprehensible conduct and some degree of scienter, whether specific intent, deliberateness, willfulness, or recklessness," and thus is CIMT). The defendant's reliance on the reasoning of the Board of Immigration Appeals (BIA) in Matter of Silva-Trevino, 26 I. & N. Dec. 826 (BIA 2016) (Silva-Trevino II), is misplaced. In that case, the BIA was tasked with developing a uniform standard for the proper construction and application of 8 U.S.C. § 1182, the portion of the Immigration and Naturalization Act governing "inadmissible aliens." See Silva-Trevino II, supra at 829. The framework the BIA developed, however, applies "unless circuit court law dictates otherwise," id. at 831, which the law of the First Circuit does. See id. at 832. As the BIA itself acknowledged in Silva-Trevino II, "[t]he First Circuit has explicitly reserved its determination whether the realistic

probability test [incorporated in the 'uniform standard' established in Silva-Trevino II] should apply and looks to the inherent nature of the crime of conviction, as defined in the criminal statute" (quotation and citation omitted).  Id.

Where First Circuit and Massachusetts cases decided after Silva-Trevino II have continued to define G. L. c. 265, § 13H, as a CIMT, see, e.g., Taron T., 104 Mass. App. Ct. at 224 n.6, and the BIA takes the position that "moral turpitude inheres in all violations [of statutes which] necessarily involve [unconsented-to] sexual contact," Matter of Jimenez-Cedillo, 271 I. & N. Dec. 1, 4 (BIA 2017), the motion judge could properly have concluded that defense counsel's warning that the defendant's plea presented a risk of "adverse consequences [to his] immigration and visa status" was correct.[1]  Because the judge's denial of the defendant's second motion for a new trial

---

[1] The defendant averred that defense counsel told him "that the [proposed plea] would make [him] removable from the United States and [he] would be barred from readmission to the country."  The record on appeal is inadequate for us to assess the accuracy of that aspect of defense counsel's advice.  See Commonwealth v. Petit-Homme, 482 Mass. 775, 786 n.12 (2019) (precise contours of immigration consequences are dependent on factors including timing of CIMT relative to date of defendant's arrival, and whether defendant was permanent resident of United States).

therefore did not amount to an abuse of his discretion, we affirm it.

Order entered June 27, 2024, denying second motion for new trial affirmed.

By the Court (Hand, Grant & Wood, JJ.[2]),

Clerk

Entered: July 1, 2025.

---

[2] The panelists are listed in order of seniority.